**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | Case No. 09-30029 |
| RIVER ROAD HOTEL PARTNERS, LLC, | ) | (Jointly Administered) |
| et al., | ) | |
| | ) | Hon. Bruce W. Black |
| Debtors. | ) | |

<u>**NOTICE OF MOTION**</u>

**PLEASE TAKE NOTICE** that on **Wednesday, February 22, 2012** at **10:30 a.m.**, or as soon thereafter as counsel may be heard, we will appear before the Honorable Bruce W. Black, or any judge sitting in his stead, in Room 719 of the Everett McKinley Dirksen Building, 219 South Dearborn Street, Chicago, Illinois 60604, and present the *Application of Perkins Coie LLP for Final Allowance of Compensation for Services Rendered and Reimbursement of Expenses as Counsel to the Debtors for the Period August 17, 2009 Through and Including December 31, 2011*, at which time you may appear as you see fit.

Dated:  January 20, 2012          **PERKINS COIE LLP**


By: */s/ David M. Neff*_____
     David M. Neff (ARDC # 6190202)
     Brian A. Audette (ARDC # 6277056)
     Eric E. Walker (ARDC # 6290993)
     PERKINS COIE LLP
     131 S. Dearborn Street - Suite 1700
     Chicago, Illinois 60603-5559
     Telephone:  (312) 324-8400
     Facsimile:  (312) 324-9400

     *Attorneys for the Debtors*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | Case No. 09-30029 |
| RIVER ROAD HOTEL PARTNERS, LLC, | ) | (Jointly Administered) |
| et al., | ) | |
| | ) | Hon. Bruce W. Black |
| Debtors. | ) | |

### APPLICATION OF PERKINS COIE LLP FOR ALLOWANCE OF
### FINAL COMPENSATION FOR SERVICES RENDERED AND
### REIMBURSEMENT OF EXPENSES AS COUNSEL TO THE DEBTORS

Perkins Coie LLP ("Perkins" or "Applicant"), as counsel to River Road Hotel Partners, LLC ("Hotel Partners"), River Road Restaurant Pads, LLC ("Restaurant Pads"), River Road Expansion Partners, LLC ("Expansion Partners"), River Road Hotel Mezz, LLC ("Hotel Mezz"), River Road Restaurant Mezz, LLC ("Restaurant Mezz"), and River Road Expansion Mezz, LLC ("Expansion Mezz" and collectively, the "Debtors"), and pursuant to sections 330, 331 and 504 of chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (as amended, the "Bankruptcy Code"), Rules 2002 and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rule 5082-1 of Bankruptcy Practice and Procedure of the United States Bankruptcy Court For the Northern District of Illinois (the "Local Rules"), submits this application (the "Application") of Perkins for allowance of final compensation for services rendered and reimbursement of expenses incurred as counsel to the Debtors for the period September 1, 2011 through and including December 31, 2011 (the "Application Period") and respectfully requests an order (a) awarding it final compensation of $21,034.00 for professional services and reimbursement of its ordinary and necessary costs of $1,444.22 for the Application Period, (b) awarding additional compensation of $5,000.00 for services expected to be rendered after the application period (including for preparation and presentation of this fee application),

and (c) confirming and approving all of Perkins' *prior* interim compensation awards of $917,469.00 for professional services and reimbursement of its ordinary and necessary costs of $21,285.97 for the period August 17, 2009 through August 31, 2011.  In support of the foregoing, the Applicant states as follows:

## I.       BACKGROUND AND CASE UPDATE

### A.       Chapter 11 Filings and Perkins' Retention

1.       On August 17, 2009 (the "Petition Date"), the Debtors each filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Northern District of Illinois, Eastern Division (the "Bankruptcy Court").

2.       On August 20, 2009, the Bankruptcy Court entered an Order directing joint administration of the Debtors' cases under Case No. 09-30029.

3.       On August 27, 2009, the Office of the United States Trustee (the "U.S. Trustee") appointed an official committee of unsecured creditors (the "Committee").

4.       On September 10, 2009, the Bankruptcy Court entered an Order Authorizing the Debtors to Employ and Retain Perkins Coie LLP as Their Bankruptcy Counsel (the "Retention Order").  The Retention Order provides, among other things, that: (a) Perkins' retention is effective as of August 17, 2009; and (b) Perkins's professional compensation shall be subject to further order of the Bankruptcy Court.  *See* Retention Order at ¶¶ 2, 3.

### B.       The Debtors' Assets and Prepetition Financing

5.       Hotel Partners owned the InterContinental Chicago O'Hare Hotel (the "Hotel"), which is situated at the southwest corner of River Road and Technology Boulevard in Rosemont, Illinois, just minutes from O'Hare International Airport and fourteen miles west of downtown Chicago.  Expansion Partners owned a parcel of real estate adjacent to the Hotel (the "Expansion

Parcel" and together with the Hotel, the "Hotel Property"), upon which sits an approximately

48,600 gross square foot addition to the Hotel consisting of two separate ballrooms, two separate

meeting rooms and pre-function space totaling approximately 24,700 square feet of net meeting

space.  Restaurant Pads owned two parcels of real property adjacent to the Hotel (the "Restaurant

Properties" and together with the Hotel Property, the "Debtors' Properties"), upon which sit

McCormick & Schmick's and Capital Grille Restaurants.

6.      Hotel Mezz owned 95% of Hotel Partners; Restaurant Mezz owned 95% of

Restaurant Pads; and Expansion Mezz owned 99% of Expansion Partners.

7.      To construct the Hotel, Hotel Partners obtained a $128,611,313 construction loan

from Amalgamated Bank, as Trustee of the Longview Ultra I Construction Loan Investment

Fund, in its capacity as administrative agent for itself and San Diego National Bank (the "Hotel

Lender"), in February, 2007.  Also in February, 2007, Restaurant Pads obtained a $7,500,000

construction loan from the Hotel Lender (the "Restaurant Loan") to grade and prepare for

construction of the Restaurant Properties.  To construct the Expansion Parcel, Expansion

Partners obtained a $20,265,000 construction loan from Amalgamated Bank, as Trustee of

Longview Ultra I Construction Loan Investment Fund ("Expansion Lender" and together with

Hotel Lender, the "Lenders"), in December, 2007.

8.      On or about October 30, 2010, San Diego National Bank ("SDNB") failed and it

was seized by the Federal Deposit Insurance Corporation (the "FDIC").  SDNB is the subject of

a certain Purchase and Assumption Agreement among Federal Deposit Insurance Corporation,

Receiver of San Diego National Bank, San Diego, CA, U.S. Bank N.A. ("U.S. Bank") and the

FDIC, which includes a certain Commercial and Other Assets Shared Loss Agreement (together,

the "SDNB Agreement").  Pursuant to the SDNB Agreement, (a) U.S. Bank purchased certain of

3

SDNB's loans, including SDNB's interest in or portion of the Hotel Loan and the Restaurant Loan and (b) the FDIC must reimburse U.S. Bank for certain losses sustained by U.S. Bank in connection with the Hotel Loan and/or the Restaurant Loan.

    **C.**    <u>**Case Update**</u>

    9.    Prior to the Application Period, the Debtors filed a joint chapter 11 plan and a bid procedures motion (the "Bid Procedures Motion") whereby, among other things, the Debtors proposed to sell the Hotel Property pursuant to the plan and preclude the Lenders from credit bidding at the auction for the Hotel Property.  Specifically, the Debtors proposed to confirm their plan by providing the Lenders with the indubitable equivalent of their secured claims pursuant to section 1129(b)(2)(A)(iii) without providing them with an opportunity to credit bid at a sale of the Hotel Property.

    10.    The Bankruptcy Court denied the Debtors' Bid Procedures Motion and the Debtors appealed directly to the United States Court of Appeals for the Seventh Circuit (the "Seventh Circuit") the Bankruptcy Court's conclusion in the Bid Procedures Order that section 1129(b)(2)(A)(iii) does not allow the Debtors to pursue a sale of their assets through the Plan without providing the Lenders with an opportunity to credit bid (the "Appeal").

    11.    While the Appeal was pending, the Lenders filed the Lenders' Joint Chapter 11 Plan of Liquidation, which the Lenders amended on January, 3, 2011, January 24, 2011, March 22, 2011, April 18, 2011 and June 24, 2011 (the "Plan"), pursuant to which the Lenders proposed the transfer of substantially all of the Debtors' assets to a Plan designee, among other things.  Also while the Appeal was pending, the Lenders filed their Disclosure Statement in support of the Plan, which the Court approved on April 18, 2011.

91004-0040/LEGAL22509171.1

12.    On June 28, 2011, the Seventh Circuit affirmed the Bankruptcy Court's denial of the Bid Procedures Motion.

13.    On July 7, 2011, the Bankruptcy Court entered an Order confirming the Plan. Although the effective date of the Plan was to occur as soon as 10 days after the entry of the plan confirmation Order, the effective date did not occur until November 23, 2011.

14.    The Debtors have been able to substantially improve the financial performance of the Hotel while in chapter 11 and their assets are much more valuable now than when the Debtors entered chapter 11.  Though the Debtors commenced their cases in one of the worst economic downturns ever in the hotel industry, the market substantially improved over the course of these cases.  By taking advantage of chapter 11, a Plan was ultimately confirmed in these cases for benefit of the Debtors' creditors and other parties in interest; whereas, had the Debtors not commenced these cases, the Lenders would have likely foreclosed upon the Debtors' assets thereby leaving no recovery for the Debtors' general unsecured creditors.

**D.    Fee Application**

15.    This is Perkins' final fee request.  Perkins' first interim fee application (the "First Application") requested $143,807.50 in fees and $10,078.88 in expenses and, by Order entered March 18, 2010 the Bankruptcy Court awarded Perkins compensation of fees totaling $143,807.50 and $7,838.01 in expenses.  Perkins' second interim fee application (the "Second Application") requested $121,969.50 in fees and $985.93 in expenses and, by Order entered June 25, 2010 the Bankruptcy Court awarded Perkins compensation of fees totaling $121,969.50 and $964.93 in expenses.  Perkins' third interim fee application (the "Third Application") requested $278,676.50 in fees and $2,312.37 in expenses and, by Order entered October 22, 2010 the Bankruptcy Court awarded Perkins compensation of fees totaling $273,769.50 and $1,721.08

91004-0040/LEGAL22509171.1

in expenses. Perkins' fourth interim fee application (the "Fourth Application") requested $165,592.00 in fees and $6,275.17 in expenses and, by Order entered February 18, 2011 the Bankruptcy Court awarded Perkins compensation of fees totaling $165,592.00 and $6,158.80 in expenses. Perkins' fifth interim fee application (the "Fifth Application") requested $151,089.50 in fees and $3,743.15 in expenses and, by Order entered on June 10, 2011 the Bankruptcy Court awarded Perkins compensation of fees totaling $151,089.50 and $3,743.15 in expenses. Perkins sixth interim fee application (the "Sixth Application" and together with the First, Second, Third, Fourth and Fifth Applications, the "Interim Applications") requested $61,854.50 in fees and $860.00 in expenses and, by Order entered on October 28, 2011 the Bankruptcy Court awarded Perkins fees totaling $61,241.00 and $860.00 in expenses.

16.    As previously stated, Perkins seeks approval and entry of an order authorizing and allowing final compensation of $21,034.00 for work performed on behalf of the Debtors during the Application Period and reimbursement of its actual and necessary expenses in the amount of $1,444.22. Perkins also seeks confirmation and final approval of all prior fees and expenses awarded to Perkins in connection with the Interim Applications. Perkins submits that all services and costs for which it requests compensation in the Application and the Interim Applications were reasonable and necessary and were performed for and on behalf of the Debtors and not for or on behalf of any other person.

## II.    **JURISDICTION**

17.    The Bankruptcy Court has jurisdiction over this Application and the Interim Applications pursuant to 28 U.S.C. § 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (B). The statutory bases for the relief requested herein are sections 330, 331 and 504 of the Bankruptcy Code, Bankruptcy Rule 2016 and Local Rule 5082-1.

91004-0040/LEGAL22509171.1

### III.   NATURE OF LEGAL SERVICES PERFORMED BY PERKINS

18.     Perkins has served as counsel to the Debtors at all times during these cases.  As part of that role, Perkins has devoted time to numerous complex legal issues in these cases.

19.     All of the professional services that Perkins rendered to the Debtors during the Application Period are set forth in detail in <u>Group Exhibit A</u>, segregated according to project billing categories pursuant to Local Rule 5082-1.  Without limiting the detailed descriptions in Group Exhibit A, a brief description and summary of certain services rendered during the Application Period are provided below by project category as maintained by Perkins.  Perkins also incorporates herein by reference all descriptions and summaries of services contained in the Interim Applications.

### A.   Case Administration

20.     During the Application Period, Perkins attorneys handled numerous matters relating to the administration of the Debtors' bankruptcy estates.  Perkins attorneys communicated with the Debtors, parties in interest, counsel to the Lenders, counsel to the Committee and other creditors regarding all aspects of these chapter 11 cases.  Perkins attorneys also reviewed and analyzed the Debtors' monthly financial and operating reports and coordinated with the Debtors' representatives regarding the reports.  Perkins paraprofessionals also maintained detailed case files, handled the filing and service of pleadings and monthly operating reports, maintained service lists, regularly reviewed the Bankruptcy Court's docket for updated pleadings and communicated with the Bankruptcy Court regarding filing and scheduling requirements.

21.     In addition, from the date of the confirmation of the Lenders' Plan (July 7, 2011) through the Plan's effective date (November 23, 2011), Perkins attorneys regularly

91004-0040/LEGAL22509171.1

communicated with the Lenders' counsel regarding certain Plan supplements required for the transition of the Debtors' Properties to the Lenders' designee.  In connection therewith, Perkins attorneys reviewed, analyzed and revised the Plan supplements and assisted the Lenders with the transition of the Debtors' Properties to the Lenders' designee.  Perkins' efforts have minimized the costs associated with administering the Debtors' estates, maintained a framework for continued, efficient case administration and ensured a smooth transition of the Debtors' Properties to the Lenders' designee.

22.     In connection with the foregoing, Perkins attorneys and paraprofessionals expended 20.9 hours for which Perkins seeks compensation of $9,328.50.  An itemized breakdown of the services rendered to the Debtors is attached hereto as <u>Exhibit A-1</u> and summarized below.

| Timekeeper | Position | Hourly Rate | Hours | Total |
|---|---|---|---|---|
| D. Neff | Partner | $660.00 | 6.40 | $4,224.00 |
| B. Audette | Of Counsel | $510.00 | 7.40 | $3,774.00 |
| N. Saldinger | Paralegal | $195.00 | 7.10 | $1,384.50 |
| **Total:** | | | **20.90** | **$9,382.50** |

### B.      <u>Cash Collateral / DIP Financing</u>

23.     During the Application Period, Perkins attorneys reviewed the Debtors' financial statements, communicated with the Debtors and their management company to formulate cash collateral budgets and attended a Bankruptcy Court hearing to obtain the continued use of the Lenders' cash collateral pursuant to a bridge cash collateral order pending the Plan's effective date.

24.     In connection with the foregoing, Perkins attorneys and paraprofessionals expended 3.2 hours for which Perkins seeks compensation of $1,914.00.  An itemized

8

breakdown of the services rendered to the Debtors is attached hereto as <u>Exhibit A-2</u> and summarized below.

| Timekeeper | Position | Hourly Rate | Hours | Total |
|---|---|---|---|---|
| D. Neff | Partner | $660.00 | 2.30 | $1,518.00 |
| B. Audette | Of Counsel | $510.00 | .70 | $ 357.00 |
| N. Saldinger | Paralegal | $195.00 | .20 | $ 39.00 |
| **Total:** | | | **3.20** | **$1,914.00** |

        C.      <u>**Retention / Payment of Professional Fees**</u>

25.     During the Application Period, Perkins attorneys reviewed and revised monthly prebilling summary reports for the Debtors to ensure accurate time entries for work performed on behalf of the Debtors in these bankruptcy cases pursuant to the Bankruptcy Code, the Bankruptcy Rules and the Local Rules.  In addition, Perkins attorneys prepared and filed the Sixth Application and attended a Bankruptcy Court hearing on the Sixth Application, pursuant to which the Bankruptcy Court awarded Perkins fees in the amount of $61,241.00 and reimbursement of expenses totaling $860.00.

26.     In connection with the foregoing, Perkins attorneys and paraprofessionals expended 13.1 hours for which Perkins seeks compensation of $4,596.00.  An itemized breakdown of the services rendered to the Debtors is attached hereto as <u>Exhibit A-3</u> and summarized below.

| Timekeeper | Position | Hourly Rate | Hours | Total |
|---|---|---|---|---|
| D. Neff | Partner | $660.00 | .80 | $ 528.00 |
| B. Audette | Of Counsel | $510.00 | 5.30 | $2,703.00 |
| N. Saldinger | Paralegal | $195.00 | 7.00 | $1,365.00 |
| **Total:** | | | **13.10** | **$4,596.00** |

9

D.    **Bankruptcy Litigation / Avoidance Actions**

27.    Prior to the Application Period, Perkins attorneys prepared and filed five

adversary proceedings for the avoidance and recovery of preferential transfers before the

expiration of the statute of limitations on August 17, 2011, with the understanding that as soon as

the Plan's effective date occurred the liquidated trustee designated pursuant to the Plan (the

"Liquidating Trustee") would take over the prosecution of the preference actions.  During the

Application Period, Perkins attorneys communicated with counsel to certain defendants,

reviewed and analyzed Minibar North America's motion to dismiss the preference lawsuit filed

against it, drafted a response to Minibar North America's motion and attended a Bankruptcy

Court hearing regarding the motion to dismiss.

28.    In connection with the foregoing, Perkins attorneys expended 4.5 hours for which

Perkins seeks compensation of $2,167.50.  An itemized breakdown of the services rendered to

the Debtors is attached hereto as Exhibit A-4 and summarized below.

| Timekeeper | Position | Hourly Rate | Hours | Total |
|------------|----------|-------------|-------|-------|
| D. Neff | Partner | $660.00 | .20 | $ 132.00 |
| B. Audette | Of Counsel | $510.00 | 3.80 | $1,938.00 |
| N. Saldinger | Paralegal | $195.00 | .50 | $ 97.50 |
| **Total:** | | | **4.50** | **$2,167.50** |

E.    **Other Litigation**

29.    Prior to the Application Period, the Bankruptcy Court granted certain mechanic's

lien claimants relief from the automatic stay to enable all parties with liens against the Hotel

Properties to adjudicate the priority of all such liens, including the Lenders' mortgages, in the

case pending in the Circuit Court of Cook County, Illinois, Chancery Division, as *Circle*

*Flooring, LLC v. River Road Hotel Partners, LLC, et al.*, No. 09 CH 10780 (the "Lien

Litigation").  As a result, during the Application Period, Perkins attorneys monitored and

10

participated in the Lien litigation on behalf of the Debtors.  In particular, Perkins attorneys and

paraprofessionals (a) reviewed and analyzed the pleadings filed, including the mechanic's lien

claimants' motion to enforce the terms of a purported settlement with the Lenders, (b) attended

court status hearings and (c) communicated with the Debtors' representatives regarding the status

of the Lien Litigation.

30.     In connection with the foregoing, Perkins attorneys expended 7.8 hours for which

Perkins seeks compensation of $2,974.00.  An itemized breakdown of the services rendered to

the Debtors is attached hereto as <u>Exhibit A-5</u> and summarized below.

| Timekeeper | Position | Hourly Rate | Hours | Total |
|------------|----------|-------------|-------|-------|
| D. Neff | Partner | $660.00 | .30 | $ 198.00 |
| B. Audette | Of Counsel | $510.00 | 1.20 | $ 612.00 |
| E. Walker | Associate | $410.00 | 1.90 | $ 779.00 |
| D. Gold | Associate | $340.00 | .70 | $ 238.00 |
| J. Galassie | Associate | $310.00 | 3.70 | $1,147.00 |
| **Total:** | | | **7.80** | **$2,974.00** |

**F.     Compensation for Services Following the End of the Application Period**

31.     Perkins also requests that it be compensated $2,500 for services that it has

performed and will continue to perform after the Application Period during January and

February, 2012 in connection with preparing and presenting this Application to the Bankruptcy

Court.  Perkins submits that such fees are fair and reasonable under the circumstances and

routinely approved by Bankruptcy Courts in this jurisdiction.

**G.     Statement of Expenses**

32.     Perkins has also incurred expenses in the amount of $1,444.22 for, among other

things, filing fees for adversary proceedings, photocopy charges (at 10 cents per page), delivery

11

and overnight courier charges.  Invoices listing expenses incurred by Perkins during the

Application Period are attached hereto as <u>Exhibit B</u>.

### H.    Statement of Total Compensation Sought
    for Preparation of Fee Applications

33.    The compensation sought by Perkins in this Application for the preparation of

Perkins' fee applications totals $4,596.00.

## IV.    STATEMENT OF LEGAL SERVICES AND EXPENSES PURSUANT TO
    11 U.S.C. § 504 AND BANKRUPTCY RULE 2016(b)

34.    All of the services performed by Perkins were required for the proper

representation of the Debtors in these cases, were authorized by the Bankruptcy Court, and were

performed by Perkins at the request and/or direction of the Debtors.  Pursuant to section 331 of

the Bankruptcy Code and the generally applicable criteria of the time, nature, extent and value of

the services performed, all of Perkins' services are compensable.

35.    There has been little, if any, duplication of services by the attorneys or

paraprofessionals of Perkins.  In those instances where two or more attorneys and/or

paraprofessionals participated in any matter, such joint participation was necessary because of

the complexity of the problem, magnitude of the issues, allocation of work responsibility or work

involved and/or the time constraints that existed.

36.    The rates at which Perkins seeks compensation are its usual and customary

standard hourly rates charged for work, both bankruptcy and non-bankruptcy, performed for

other Perkins clients.

37.    No agreement exists between Perkins and any third person for the sharing of

compensation received by Perkins in these cases, except as allowed by the exception set forth in

12

section 504 of the Bankruptcy Code and Bankruptcy Rule 2016 with respect to the sharing of compensation among members of Perkins.

38.    Prior to the Petition Date, the Debtors paid Perkins $75,000 in the form of security retainers for Perkins' legal services (the "Security Retainers").  Of that amount, $8,455.35 remained as of the Petition Date.  In addition, on July 21, 2009, the Debtors paid Perkins an advance payment retainer in the amount of $250,000 (together with the Security Retainers, the "Retainer") for the purpose of obtaining legal services in connection with these chapter 11 cases.  Of the total Retainer, $106,828.34 remained unapplied (the "Initial Retainer Balance") after Perkins was paid the fees and costs awarded to it in connection with Perkins' First Application from the Retainer.  Perkins was paid from Hotel Partners' cash on hand for the fees and costs awarded in Perkins' Second, Third, Fourth and Fifth Applications.  However, Perkins applied the Initial Retainer Balance against the fees and costs awarded to it pursuant to the Sixth Application; thus, the Initial Retainer Balance was reduced to $44,727.34 (the "Final Retainer Balance").  Perkins requests that it be permitted to apply the Final Retainer Balance against the fees and expenses awarded by the Bankruptcy Court pursuant to this Application and return the remainder of the Final Retainer Balance to the Liquidating Trustee.

39.    During the Application Period, Perkins has devoted 49.5 hours to represent the Debtors with respect to categories (A)-(E) above, has provided the Debtors' bankruptcy estates with actual and necessary legal services worth a total of $21,034.00 and has incurred expenses totaling $1,444.22.  A summary showing each timekeeper's total hours for the Application Period is provided as follows:

| Timekeeper | Position | Hourly Rate | Hours | Total |
|------------|----------|-------------|-------|-------|
| D. Neff | Partner | $660.00 | 10.00 | $6,600.00 |
| B. Audette | Of Counsel | $510.00 | 18.40 | $9,384.00 |

13

| Timekeeper | Position | Hourly Rate | Hours | Total |
|---|---|---|---|---|
| E. Walker | Associate | $410.00 | 1.90 | $ 779.00 |
| D. Gold | Associate | $340.00 | .70 | $ 238.00 |
| J. Galassie | Associate | $310.00 | 3.70 | $1,147.00 |
| N. Saldinger | Paralegal | $195.00 | 14.80 | $2,886.00 |
| **Total:** | | | **49.50** | **$21,034.00** |

40.    A copy of the computer generated time entries reflecting the time recorded for the services during the Application Period, organized by project billing categories in accordance with Local Rule 5082-1, is attached hereto as Group Exhibit A.

41.    Computer generated statements of expenses incurred by Perkins during the Application Period are attached hereto as Exhibit B.

42.    Attached hereto as Exhibit C is the declaration of David M. Neff attesting to, among other things, the accuracy of the information set forth in Group Exhibit A and Exhibit B of this Application.

43.    Attached to this Application as Exhibit D is a biographical sketch (including billing rates) of each professional whose time is reflected in Group Exhibit A of this Application. Exhibit D also includes the name (and billing rates) of paraprofessionals whose time is reflected in Group Exhibit A.

44.    Summaries showing each timekeeper's total hours for the period August 17, 2009 through August 31, 2011 and the time entries and statements of expenses reflecting the time recorded and costs incurred for this same period are contained in the Interim Applications. The Interim Applications also contain biographical sketches of all professionals who billed time working for the Debtors and who may not otherwise be described in Exhibit D to this Application. Perkins hereby incorporates by reference all such Interim Applications.

14

## V.    **NOTICE**

45.    Notice of the Application has been given to: (a) the U.S. Trustee; (b) counsel to the Committee; (c) the Lenders; and (d) all parties that have appeared or requested notice pursuant to Bankruptcy Rule 2002.  A further notice of this Application will be mailed to all of the Debtors' general unsecured creditors at least 21 days prior to the hearing date on this Application.

**WHEREFORE**, Perkins Coie LLP, counsel for the Debtors herein, requests that the Bankruptcy Court enter an order approving and authorizing:

A.    Final compensation in the amount of **$21,034.00** for professional services rendered to the Debtors by Perkins during the Application Period plus an additional **$5,000** for professional services after the Application Period for a total of $**26,034.00**;

B.    Final reimbursement of Perkins' ordinary and necessary costs of **$1,444.22** incurred during the Application Period;

C.    Perkins to apply the Final Retainer Balance against the fees and expenses awarded to it pursuant to this Application and return the balance of the Final Retainer Balance to the Liquidating Trustee;

D.    The fees totaling $917,469.00 and expenses totaling $21,285.97 awarded to Perkins pursuant to the Interim Applications on a final basis; and

15

E.      Such other and further relief as the Bankruptcy Court may deem just and

equitable under the circumstances.

                                        Respectfully Submitted,

Dated:  January 20, 2012               **PERKINS COIE LLP**


                                        By:   */s/ David M. Neff*
                                              ‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾
                                              David M. Neff (ARDC # 6190202)
                                              Brian A. Audette (ARDC # 6277056)
                                              Eric E. Walker (ARDC # 6290993)
                                              **PERKINS COIE LLP**
                                              131 S. Dearborn Street - Suite 1700
                                              Chicago, Illinois  60603-5559
                                              (312) 324-8400
                                              (312) 324-9400

                                              *Attorneys for the Debtors*

16

## <u>CERTIFICATE OF SERVICE</u>

David M. Neff, an attorney, hereby certifies that on January 20, 2012 he caused a copy of the *Application of Perkins Coie LLP for Final Allowance of Compensation for Services Rendered and Reimbursement of Expenses as Counsel to the Debtors for the Period August 17, 2009 Through and Including December 31, 2011* to be filed via the Court's ECF system and served on the parties listed on the attached Service List, as so indicated.

*/s/ David M. Neff*

## MASTER SERVICE LIST – RIVER ROAD HOTEL PARTNERS, LLC

|  | Fax No./Email Address | Method of Delivery |
|---|---|---|
| Steve Wolfe<br>Office of the U.S. Trustee<br>219 S Dearborn St., Room 873<br>Chicago, IL 60604 | steve.g.wolfe@usdoj.gov<br>ustpregion11.es.ecf@usdoj.gov | U.S. Mail and<br>Court's ECF notification |
| Official Committee of Unsecured Creditors<br>c/o Stephen T. Bobo, Ann E. Pille<br>Reed Smith<br>10 S. Wacker Drive, 40th Floor<br>Chicago, IL 60606-7507 | 312.207.6400<br>sbobo@reedsmith.com<br>apille@reedsmith.com | Court's ECF notification |
| U.S. Bank/San Diego National Bank<br>c/o John P. Sieger, Andrew J. Wool<br>Katten Muchin Rosenman LLP<br>525 W. Monroe Street<br>Chicago, IL 60661-3693 | 312.902.1061<br>john.sieger@kattenlaw.com<br>andrew.wool@kattenlaw.com | Court's ECF notification |
| Amalgamated Bank, as Trustee<br>c/o John W. Costello, Yeny Estrada<br>Wildman Harrold Allen & Dixon<br>225 W. Wacker Dr., Suite 3000<br>Chicago, IL 60606 | 312.416.4841<br>estrada@wildman.com<br>jchang@wildman.com | Court's ECF notification |
| Amalgamated Bank, as Trustee<br>c/o Adam A. Lewis<br>Morrison & Foerster LLP<br>425 Market Street<br>San Francisco, CA 94105 | 415.268.7522<br>alewis@mofo.com | U.S. Mail |
| Amalgamated Bank, as Trustee<br>c/o Norman S. Rosenbaum<br>Erica J. Richards<br>Morrison & Foerster LLP<br>1290 Avenue of the Americas<br>New York, NY 10104 | 212.468.7900 | Court's ECF notification |
| Amalgamated Bank, as Trustee<br>c/o Jennifer Rojas<br>Deutsch Levy & Engel Chtd.<br>225 W. Washington St., 17th Fl.<br>Chicago, IL 60606 | 312.346.1859<br>rojas@dlec.com | Court's ECF notification |
| EREF<br>c/o William Choslovsky<br>Jill Coleman<br>Neal Gerber & Eisenberg LLP<br>Two N. LaSalle St., Suite 1700<br>Chicago, IL 60602-3801 | 312.980.0787<br>wchoslovsky@ngelaw.com | Court's ECF notification |

|  | Fax No./Email Address | Method of Delivery |
|---|---|---|
| Edward Don & Company<br>c/o Dennis E. Quaid<br>Thompson Coburn LLP<br>55 E. Monroe Street, 37th Fl.<br>Chicago, IL 60603 | 312.782.1315<br>dquaid@tcfhlaw.com | Court's ECF notification |
| Crane Construction<br>c/o John S. Mrowiec<br>Erik R.Nelson<br>Conway & Mrowiec<br>20 S. Clark St., Suite 1000<br>Chicago, IL 60603 | 312.658.1201<br>jsm@cmcontractors.com<br>ern@cmcontractors.com | Court's ECF notification |
| Hudec Woodworking Company<br>c/o Mark W. Bina<br>Krieg DeVault LLP<br>30 N. LaSalle Street, Suite 3516<br>Chicago, IL 60602 | 317.636.1507<br>mbina@kdlegal.com | Court's ECF notification |
| Testa Produce, Inc.<br>c/o David A. Adelman<br>Gretchen Wehrenberg Stewart<br>Adelman Law Offices P.C.<br>1901 N. Roselle Rd., Suite 800<br>Schaumburg, IL 60195 | 847.301.4342<br>adelman@adelmanlawoffices.com<br>stewart@pacaenforcer.com | Court's ECF notification |
| Constellation New Energy, Inc.<br>c/o Heather M. Forrest<br>Jackson Walker LLP<br>901 Main St., Suite 6000<br>Dallas, TX 75202 | 214.953.5822<br>hforrest@jw.com | U.S. Mail |
| Constellation New Energy, Inc.<br>c/o Bruce J. Ruzinksy<br>D. Elaine Conway<br>Jackson Walker LLP<br>1401 McKinney St., Suite 1900<br>Houston, TX 77010 | 713.754.6704<br>econway@jw.com | U.S. Mail |
| Brookwood Builders, Inc.<br>c/o John J. Chitkowski<br>Chitkowski Law Offices<br>801 Warrenville Rd., Suite 620<br>Lisle, Illinois 60532 | 630.824.4809<br>jjc@chitkowskilaw.com | Court's ECF notification |
| Holiday Hospitality Franchising Inc.<br>c/o Leib M Lerner.<br>Alston & Bird LLP<br>333 S. Hope Street, 16th Floor<br>Los Angeles, CA 90071 | 213.576.1000<br>leib.lerner@alston.com | Court's ECF notification |

91004-0040/LEGAL22509171.1

|  | Fax No./Email Address | Method of Delivery |
|---|---|---|
| Holiday Hospitality Franchising Inc.<br>c/o Jason H. Watson<br>Alston & Bird LLP<br>One Atlantic Center<br>1201 W. Peachtree Street<br>Atlanta, GA 30309 | 404.881.7777<br>jason.watson@alston.com | U.S. Mail |
| Holiday Hospitality Franchising Inc.<br>c/o Robert J. Henry<br>Scopelitis Garvin Light Hanson &<br>  Feary PC<br>30 West Monroe Street, Suite 600<br>Chicago, IL 60603 | 312.422.1224<br>rhenry@scopelitis.com | Court's ECF notification |
| Walsh Construction Company<br>c/o William J. Connelly<br>Hinshaw & Culbertson LLP<br>222 N. LaSalle Street, Suite 300<br>Chicago, IL 60601 | 312.704.3001<br>wconnelly@hinshawlaw.com | Court's ECF notification |
| U.S. Foodservice Inc.<br>c/o Jeremy M. Guth<br>Samuel C. Wisotzkey<br>Kohner Mann & Kailas SC<br>Washington Bldg., Barnabas Center<br>4650 N. Port Washington Rd.<br>Milwaukee, WI 53212-1059 | 414.962.8725<br>swisotzkey@kmksc.com<br>jguth@kmksc.com | Court's ECF notification |
| RARE Hospitality Inc.<br>c/o Steve Jakubowski<br>The Coleman Law Firm<br>77 W. Wacker Dr., 48th Floor<br>Chicago, IL 60601 | 312.444.1028<br>sjakubowski@colemanlawfirm.com | Court's ECF notification |
| F.E. Moran Inc.<br>c/o Louis J. Gale<br>Arnstein & Lehr LLP<br>120 S. Riverside Plaza, Suite 1200<br>Chicago, IL 60606 | 312.876.7304<br>ljgale@arnstein.com | Court's ECF notification |
| Trans-Net Inc.<br>c/o Robert J. Labate<br>Trisha M. Rich<br>Holland & Knight LLP<br>131 S. Dearborn Street, 30th Floor<br>Chicago, IL 60603 | 312.578.6666<br>robert.labate@hklaw.com | Court's ECF notification |
| Englewood Electrical Supply<br>c/o Ashley W. Brandt<br>Fuad R. Sulayman<br>Clark Hill PLC<br>150 N. Michigan Ave., Suite 2400<br>Chicago, IL 60601 | 312.985.5971<br>abrandt@clarkhill.com<br>fsulayman@clarkhill.com | Court's ECF notification |

-3-

| | Fax No./Email Address | Method of Delivery |
|---|---|---|
| William T. Connelly, Inc. d/b/a Connelly Electric Co. c/o Brian M. Dougherty Goldstine Skrodzki Russian Nemec and Hoff Ltd. 835 McClintock Dr., 2nd Fl. Burr Ridge, IL 60527 | 630.655.9808 bmd@gsrnh.com | Court's ECF notification |
| Minibar North America, Inc. c/o Jeffrey B. Rose Bruce L. Wald Tishler & Wald, Ltd. 200 S. Wacker Dr., Suite 3000 Chicago, IL 60606 | 312.876.3816 jrose@tishlerandwald.com bwald@tishlerandwald.com | Court's ECF notification |
| Minibar North America, Inc. c/o Kenneth Oestricher Gary S. Posner Whiteford Taylor & Preston LLP 7 St. Paul Street, 19th Fl. Baltimore, MD 21202 | koestreicher@wtplaw.com gposner@wtplaw.com | U.S. Mail |
| Warren F. Thomas Plumbing and Walsh Landscape Construction c/o Jennifer A. Nielsen Lyman & Nielsen LLC 1301 W. 22nd St., Suite 914 Oak Brook, IL 60523 | 630.575.0999 jnielsen@lymannielsen.com | Court's ECF notification |
| Barsanti Woodwork Corp. c/o L. Judson Todhunter Howard & Howard Attorneys PLLC 200 S. Michigan Ave., Suite 1100 Chicago, IL 60604 | 312.372.4000 jtodhunter@howardandhoward.com | Court's ECF notification |
| Boelter Contracting, LLC c/o Edward W. Pirok Frank & Pirok, Ltd. 734 N. Wells St., Suite 200 Chicago, IL 60654 | 312.255.8558 epirok@frank-pirok.com | Court's ECF notification |
| Boelter Contracting, LLC c/o Carrie C. Ruzicka Christopher R. Parker Michael Best & Friedrich LLP Two Prudential Plaza, Suite 2000 Chicago, IL 60601 | 312.222.0818 ccruzicka@michaelbest.com crparker@michaelbest.com | Court's ECF notification |
| Boelter Contracting, LLC c/o Paul A. Lucey Michael Best & Friedrich LLP 100 E. Wisconsin Ave., Suite 3300 Milwaukee, WI 53202 | 414.277.0656 palucey@michaelbest.com | Court's ECF notification |

91004-0040/LEGAL22509171.1

|  | Fax No./Email Address | Method of Delivery |
|---|---|---|
| Federal Deposit Insurance Corp.<br>c/o Nathan Coco<br>McDermott Will & Emery LLP<br>227 W. Monroe Street<br>Chicago, IL 60606 | 312.984.7700<br>ncoco@mwe.com | Court's ECF notification |
| Federal Deposit Insurance Corp.<br>c/o Geoffrey T. Raicht<br>McDermott Will & Emery LLP<br>340 Madison Avenue<br>New York, NY 10173 | 212.547.5444<br>graicht@mwe.com | U.S. Mail |
| Audio Visual Group d/b/a PSAV<br>c/o Matthew J. Botica<br>Myja K. Kjaer<br>Winston & Strawn LLP<br>35 W. Wacker Drive<br>Chicago, IL 60601 | 312.558.5700<br>mbotica@winston.com<br>mkjaer@winston.com | Court's ECF notification |
| Waterton LV Skokie/Oxford OBG<br>c/o Jonathan P. Friedland<br>Levenfeld Pearlstein, LLC<br>2 N. LaSalle St., Suite 1300<br>Chicago, IL 60602 | 312.346.8434<br>jfriedland@lplegal.com | Court's ECF notification |
| Solaris Roofing<br>c/o Lawrence A. Stein<br>Huck Bouma PC<br>1755 S. Naperville Road<br>Wheaton, IL 60189 | 630.221.1756<br>lstein@huckbouma.com | Court's ECF notification |
| International Mable & Granite<br>c/o Ronald R. Rassin<br>Gordon Rappold & Miller LLC<br>20 S. Clark Street, Suite 2600<br>Chicago, IL 66003 | 312.332.2952<br>rrr@gordonrappold.com | Court's ECF notification |
| JDF Distribution Solutions<br>c/o Richard P. Reichstein<br>221 N. LaSalle Street, Suite 1137<br>Chicago, IL 60601 |  | U.S. Mail |

91004-0040/LEGAL22509171.1