# United States Bankruptcy Court, Northern District of Illinois

| Name of Assigned Judge | Bruce W. Black | CASE NO. | 09 B 30029 |
|---|---|---|---|
| DATE | December 17, 2012 | | Jointly Administered |
| CASE TITLE | River Road Partners, LLC, *et al.*, | | |
| TITLE OF ORDER | Memorandum Decision | | |

**DOCKET ENTRY TEXT**

Order resolves **Docket Entry 1090, Motion for Summary Judgment.**

---

Before the court is a motion for summary judgment (Dkt. No. 1090) filed by FBR Capital Markets & Co. (FBR) regarding its final fee application (Dkt. No. 955). Bletchley Hotel at O'Hare LLC (the Plan Transferee) has objected (Dkt. No. 972) to the fee application, and the motion has been fully briefed and argued. The Plan Transferee has not filed its own motion for summary judgment, but it argues that the court should award it summary judgment on the application *sua sponte* based on the undisputed facts, citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 326 (1986).

The material facts are not in dispute. They are set out in the statement filed by FBR in support of the motion (Dkt. No. 1092) (the Statement of Facts). The Plan Transferee

| Name of Assigned Judge | Bruce W. Black | CASE NO. | 09 B 30029 |
|---|---|---|---|

filed an amended response to that statement (Dkt. No. 1117) but did not file a statement of additional facts invited by Local Bankruptcy Rule 7056-2(a)(2)(b).

Briefly, the Debtors hired FBR as its financial adviser pursuant to an engagement letter dated August 13, 2009 (Exhibit A attached to the fee application). Retention was approved by the court in an order entered September 17, 2009 (Dkt. No. 79). The Debtors were unsuccessful in their attempts to put forth a plan to restructure, and eventually a plan proposed by Amalgamated Bank was confirmed by the court in an order entered July 7, 2011 (Dkt. No. 853).

FBR argues that it is entitled to summary judgment for monthly fees, a restructuring fee, and necessary expenses, all as requested in the fee application. Its position is that the engagement letter was pre-approved by the court under section 328(a) of the Bankruptcy Code[1] and is unambiguous on its face. It argues that the language involved is clear and entitles it to monthly fees of $10,000.00 for twenty-two months, a restructuring fee of nearly $2,400,000.00, and expenses of $12,179.01. The Plan Transferee counters that the language regarding the restructuring fee is ambiguous and, when clarified by parol evidence, does not permit any restructuring fee. It also argues that FBR is not entitled to any compensation (and must disgorge fees previously received) because of its failure to disclose information impacting its status as disinterested as required by the Code.

As explained below, the court sustains the Plan Transferee's objection regarding the restructuring fee but grants judgment to FBR for the monthly fees and expenses.

---

[1] 11 U.S.C. § 101 ff. Any reference to "section" or "the Code" is a reference to the Bankruptcy Code unless another reference is stated.

2

| Name of Assigned Judge | Bruce W. Black | CASE NO. | 09 B 30029 |
|---|---|---|---|

## DISCUSSION

### 1. The Monthly Fees and Expenses

The court agrees with FBR that the language in the engagement letter regarding the monthly fees is clear and unambiguous and entitles FBR to the monthly fees and expenses requested. The court concludes that the engagement letter and the retention order do entitle FBR to the monthly fees and expenses because the language is clear and, as the Plan Transferee concedes, the agreement between FBR and the Debtors was never terminated. The Plan Transferee has not offered sufficient evidence regarding its theory of the lack of disinterestedness to overcome the clear entitlement to the fees. Accordingly, summary judgment will be entered awarding these two portions of the compensation requested.

### 2. The Restructuring Fee

The threshold question here is whether the engagement letter and the retention order, when read together, unambiguously entitle FBR to a restructuring fee under the undisputed facts. FBR argues that the language is clear and entitles it to a restructuring fee no matter what the origin of the restructuring plan. The Plan Transferee argues that the language is ambiguous and offers parol evidence suggesting that the restructuring fee should only be awarded if the restructuring was pursuant to a plan proposed by the Debtors.

The dispute is narrow. The parties agree that FBR was hired under section 328 of the Bankruptcy Code and that consequently the court may not consider the reasonableness of the requested compensation as it would under section 330. They also agree that there is no issue under the second sentence of section 328(a) about whether the retention order was improvidently entered. They also agree that Illinois law governs the dispute.

| Name of Assigned Judge | Bruce W. Black | CASE NO. | 09 B 30029 |
|---|---|---|---|

The parties also agree that a critical addition to the retention order followed an inquiry by Steven Bobo, the attorney for the official committee of unsecured creditors, in an email to David Neff, the attorney for the Debtors, asking whether the restructuring fee should be "expressly described in the order as a contingent fee based on the results of their efforts, like a success fee." (Paragraph 32 of the Statement of Facts, admitted by the Plan Transferee's amended response.)

Focusing on the terms of the engagement letter alone, its terms do appear to entitle FBR to a restructuring fee if any restructuring plan is approved, but the language added to the retention order says:

> "provided however, that (a) the 'restructuring fee' described in paragraph 13(c) of the Application is expressly contingent upon the consummation of a restructuring contemplated by the Engagement Letter ..."

The court concludes that the phrase "as contemplated by the Engagement Letter" in the retention order is ambiguous. FBR argues that the restructuring fee contemplated by the engagement letter is *any* restructuring, but this argument would have the court ignore paragraph 4(a) of the order. But paragraph 4(a) is in the order, and by conditioning the restructuring fee on consummation of a "restructuring contemplated by the Engagement Letter" the order necessarily recognizes the possibility of a restructuring *not contemplated* by the engagement letter. Because the parties agree that paragraph 4(a) was added to the order after Mr. Bobo's inquiry, the court will not conclude that the language is meaningless. The question is what it means.

The Plan Transferee argues that it means a restructuring fee is authorized only if a

4

| Name of Assigned Judge | Bruce W. Black | **CASE NO.** | 09 B 30029 |

restructuring is achieved pursuant to a plan offered by the Debtors, and it offers parol evidence to support its position. Because the court concludes that the language is ambiguous, the court must consider the parol evidence. *See Curia v. Nelson,* 587 F.3d 824, 829 (7th Cir. 2009). That evidence convinces the court that the Plan Transferee's position is correct. A fair reading of the engagement letter as modified by paragraph 4(a) of the retention order is that the restructuring fee is only payable if the Debtors sponsored the restructuring. The most important evidence supporting this conclusion is the affidavit of David Neff (Dkt. No. 1114).

FBR has supported its argument with four cases awarding similar fees in similar circumstances. The court concludes that none of the cases is helpful because none consider the exact language found here. In *In re Borders Group, Inc.,* 2011 WL 6026158 (Bankr. S.D.N.Y. Dec. 5, 2011), the court expressly concluded that the terms of the retention order before it were clear and unambiguous, and it therefore rejected the offered parol evidence.

In *In re Smart World Technologies, LLC,* 552 F.2d 228 (2d Cir. 2009), the court considered two issues, neither of which is before the court here. The first was whether the retention order had been entered pursuant to section 328. The second was whether, under that section, the retention agreement was improvident. Thus, the case is not instructive here.

Similarly, neither *In re Mirant Corp.,* 354 B.R. 113 (Bankr. N.D. Tex. 2006) nor *In re Texas Rangers Baseball Partners,* 2012 WL 4464550 (Bankr. N.D. Tex. Sept. 25, 2012) contained an issue regarding whether language in a retention order was clear and unambiguous.

| Name of Assigned Judge | Bruce W. Black | CASE NO. | 09 B 30029 |
|---|---|---|---|

Accordingly, FBR's motion for summary judgment regarding the restructuring fee must be denied. The only remaining issue for the court is whether to grant the Plan Transferee's request for judgment even in the absence of a motion. Because the court concludes that FBR's position that it is entitled to a restructuring fee based on any restructuring is not well-taken, and because the court concludes that the addition to the retention order necessarily disproves that position, the court can imagine no circumstances under which FBR would be entitled to a restructuring fee. Therefore, further litigation of the issue would not be productive of judgment in FBR's favor, and the court will enter judgment on the issue in favor of the Plan Transferee sustaining its objection to the restructuring fee portion of the fee application.

Given this summary resolution of the fee application, FBR's motion *in limine* is moot.

Separate orders will be entered consistent with this decision.

December 17, 2012

Bruce W. Black
United States Bankruptcy Judge